FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

VAUGHN ALLEN WALTERS,

Defendant.

No. 2:26-CR-00085-RLP-1

ORDER FOLLOWING DETENTION REVIEW HEARING

**MOTION GRANTED (ECF No. 23)**

On September 24, 2026, the Court held a detention review hearing to consider Defendant VAUGHN ALLEN WALTERS's Motion to Modify Detention Order and to Release Defendant to Inpatient Treatment. **ECF No. 23**. Defendant appeared while in custody represented by court-appointed counsel Frank Cikutovich. Assistant U.S. Attorney Lisa Cartier-Giroux represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

***Basis to Reopen Detention Hearing:*** Defendant initially waived his right to a detention hearing but reserved the right to revisit the issue of detention if his circumstances changed. ECF No. 21. Defendant now seeks to reopen the question of detention, and the Court finds that Defendant's Motion to Modify Detention Order and to Release Defendant to Inpatient Treatment, **ECF No. 23**, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing.

***Detention Hearing:*** Defendant, through counsel, made proffers in support of Defendant's release. Specifically, Defendant proffered a release plan wherein Defendant would temporarily release from custody to attend inpatient substance abuse treatment at Sunray Court. Defendant contended the proposed temporary release plan would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant conceded his history includes failures to appear, but contended his criminal history correlated with controlled substances abuse.

The United States opposed Defendant's release and contended there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government asserted Defendant's criminal history includes a history of some violent offenses, numerous failures to appear, and violations of protective orders.

***Review and Consideration of the 18 U.S.C. § 3142 Factors:*** The Court has reviewed and considered: the proffers and arguments of counsel; the file in this case; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 9; the Pretrial Services Report, ECF No. 11; the Order Granting United States' Motion for Detention, ECF No. 21; the Supplemental Pretrial Services Report, ECF No. 24; and Defendant's Motion to Modify Detention Order and to Release Defendant to Inpatient Treatment, **ECF No. 23**. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and

also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). Finally, the Court also considered that a rebuttable presumption[1] of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. ECF No. 1. The United States previously invoked the rebuttable presumption of detention. ECF No. 9 at 2. The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A).

***Nature and Circumstances of the Charged Offense:*** The nature and circumstances of the charged offenses are serious and weigh in favor of detention. The Indictment charges Defendant with Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(viii). ECF No. 1.

---

[1] Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

***Weight of the Evidence:*** The weight of the evidence was sufficient for the return of an Indictment, though this is the least important factor in the Court's analysis. This factor weighs minimally toward detention.

***Defendant's History and Characteristics:*** Defendant is 39 years old and has lived in eastern Washington for his entire life. ECF No. 24 at 2. Defendant is not married and has two minor children from previous relationships who reside with his mother. *Id*. Defendant did not graduate from high school and has not earned his GED. *Id*. Defendant has been unemployed for the past three years. *Id*. Defendant has a long history of substance abuse including alcohol, cannabinoid, and methamphetamine use. *Id.* at 3. Defendant most recently completed substance abuse treatment at American Behavioral Health Systems approximately five years ago. *Id.* Defendant's criminal history includes juvenile convictions for: first degree criminal trespass and minor possess/consume liquor (2005). *Id*. Defendant's criminal history includes adult convictions for: minor possess/consume liquor under 21 years old (2006); third degree theft (2007); minor consuming alcohol (2008); grand larceny (2009); driving under the influence (2012); fourth degree assault- domestic violence (2014); controlled substance- possess no prescription (2015); third degree assault- domestic violence (2014); controlled substance- possess no prescription (2015); fourth degree assault- domestic violence (2015); fourth degree assault- domestic violence (2015);third degree malicious mischief (2026); protection order violation (2021); ignition interlock device violation (2026); and third degree driving while license suspended and ignition interlock violation (2026). *Id*. at 3-8. Defendant also has failed to appear for prior court hearings, violated terms of release, and/or failed comply in the past. This factor weighs in favor of detention.

***<u>Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:</u>*** The nature of the charges in this case are serious and, again, Defendant's criminal history includes convictions for crimes of violence and repeated violations of court orders and directives. However, Defendant's criminal history appears to be strongly influenced by Defendant's illegal substance abuse. The nature and serious of the danger to the community and any other person posed by Defendant's release—even for the temporary purpose of attending inpatient substance abuse treatment—must be weighed against the confidence the Court can have that Defendant would abide by any conditions of release the Court could impose. On the record before the Court, it appears there are conditions the Court could impose to reasonably assure the safety of the community if Defendant were released. This factor weighs in favor of release.

***<u>Findings Pursuant to 18 U.S.C. § 3142:</u>*** The Court finds Defendant has overcome the presumption of detention that applies in this case through presentation of a temporary release plan that provides for inpatient substance abuse treatment. The Court further finds the United States failed to establish by a preponderance of the evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States has failed to establish by clear and convincing evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released, all for the limited purpose of attending inpatient substance abuse treatment.

**IT IS ORDERED:**

1. Defendant's Motion to Modify Detention Order and to Release Defendant to Inpatient Treatment, **ECF No. 23,** is **GRANTED**. Defendant shall

be released to a Pioneer Center East staff escort who will transport him to the Sunray Court inpatient substance abuse facility **on September 29, 2026, at 12:00 p.m.** ***PROVIDED*** that Defendant's treatment and release from custody is on the express condition that treatment does not hinder or delay the adjudication of this case, and that the Defendant appear in person when required regardless of treatment status and maintain adequate contact with defense counsel.

2. Defense counsel shall file a proposed release plan prior to a status hearing if Defendant seeks continued release following successful completion of inpatient substance abuse treatment.

3. **Absent further order of the Court, Defendant shall return to the custody of the U.S. Marshal upon completion of treatment.**

4. While temporarily released from the U.S. Marshal's custody, Defendant shall be subject to the following conditions:

| GENERAL CONDITIONS | |
|---|---|
| **1** | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation. Defendant shall comply with all conditions of supervision imposed by other courts. |
| **2** | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| **3** | Defendant shall sign and complete A.O. Form 199C before being released. Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment. |

| | |
|---|---|
| **4** | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
| **5** | Defendant shall not possess a firearm, destructive device, or other dangerous weapon. There shall be no firearms in the home where Defendant resides. |
| **6** | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| **7** | Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. |
| **8** | Defendant shall remain in the Eastern District of Washington, specifically at Sunray Court, while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation. |
| **9** | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. |
| **10** | Defendant shall contact defense counsel at least once a week. |
| | **CONTROLLED SUBSTANCES AND ASSESSMENT** |
| **11** | **Controlled Substances Prohibition:** Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law. |

| | |
|---|---|
| **12** | **Prohibited Substance Testing**: *If random controlled substance testing is not done through a treatment program, random controlled substance testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.* Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not in any way obstruct or attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance testing. *Defendant shall submit to any amount, frequency, and type of testing for controlled substances while attending inpatient substance abuse treatment.* |
| **13** | **Substance Abuse Evaluation and Treatment**: Defendant shall participate and undergo a substance abuse evaluation. Pretrial Services may determine/approve the evaluators, schedule, and place of any evaluation. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. *It shall be the responsibility of defense counsel to provide such waivers.* Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program, including inpatient treatment, outpatient treatment, and any recommended counseling. *If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.* |
| **14** | **Alcohol Prohibition:** Defendant shall not use or possess any alcoholic beverage. There shall be no alcohol in the home where Defendant resides. Defendant shall not go to any establishment where alcohol is the primary item of sale. |
| **POTENTIAL CONSEQUENCES OF VIOLATIONS** | |
| **15** | **ADVISEMENT:** Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for Defendant's arrest, a revocation of Defendant's release, an order of |

| | |
|---|---|
| | detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both. Additionally, Defendant is further advised:<br>• While on release, if Defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence Defendant may receive.<br>• It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.<br>• If, after release, Defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, Defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If Defendant is convicted of:<br>(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – Defendant may be fined not more than $250,000 or imprisoned for not more than 10 years, or both;<br>(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – Defendant may be fined not more than $250,000 or imprisoned for not more than five years, or both;<br>(3) any other felony – Defendant may be fined not more than $250,000 or imprisoned not more than two years, or both;<br>(4) a misdemeanor – Defendant may be fined not more than $100,000 or imprisoned not more than one year, or both.<br>A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence Defendant may receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted |

5. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket, and Richland cases shall be heard on the following Thursday docket. If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

6. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

7. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order

Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED September 25, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE